**Dave Paul SANDRAS**

v.

**FREEPORT–McMORAN, etc., et al.**

**Civ. A. No. 93–0361.**

United States District Court, E.D. Louisiana.

June 14, 1995.

---

5. Smith Petroleum's "Statement of Uncontested Facts," (R.Doc. 45), to which plaintiffs filed no objection. Note 3, *supra.*

Gerald Thos. Laborde, Gerald Thos. Laborde, Atty. at Law, Gretna, LA, for plaintiff Dave Paul Sandras.

Stephen Louis Huber, Borrello, Huber & Dubuclet, Metairie, LA, Donald Richard Abaunza, Don Keller Haycraft, Liskow & Lewis, New Orleans, LA, for defendant Freeport–McMoran Inc.

Donald Richard Abaunza, Don Keller Haycraft, Liskow & Lewis, New Orleans, LA, for Homestake Sulphur Co.

Wood Brown, III, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, for defendant Cushman Inc. (A Ransomes Co.).

Philip E. Henderson, Henderson, Hanemann & Morris, Houma, LA, for movants, intervenors Gray Ins. Co., Seco Industries Inc.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a motion for summary judgment by defendant Cushman, Inc. Having reviewed the memoranda of the parties, the record and the applicable law, the Court DENIES the motion.

### Background

Plaintiff was working as a an electrician for SECO Industries, Inc., on an offshore platform complex in December 1991 when he sustained injuries. A piece of plywood struck plaintiff on the leg when it was blown into him by high winds. The plywood allegedly formed the decking of a small, electric, truck-type vehicle manufactured by Cushman, Inc., on which plaintiff had hitched a ride just before his accident.

Plaintiff sued various defendants. The only defendant remaining in this matter is Cushman, as the other defendants have been dismissed by plaintiff. Plaintiff alleges a cause of action against Cushman based on negligence for failing to provide an adequate hinge and/or gating device on the decking, failure to provide a secured wooden deck, failure to provide well-designed alternatives and failure to provide adequate warnings. "Petition for Damages and Request for Jury Trial," Attachment to R.Doc. 2, Paragraph 6.e. The Louisiana Legislature passed the Louisiana Products Liability Act, LSA–R.S. 9:2800.51 *et seq* in 1988, which provides the exclusive theories of liability available to manufacturers upon its effective date. As this accident occurred in 1991, the Louisiana Products Liability Act is applicable to plaintiff's theory of liability.[1]

Cushman's basis for this motion is that, in his deposition, plaintiff described the plywood decking in his deposition as having a border affixed to the decking three-quarters of an inch by one inch. (Depositions of plaintiff attached as unnumbered exhibits to defendant's memorandum in support, pp. 135–36, R.Doc. 41.) According to an affidavit supplied by Cushman, such a border was not attached to the decking of the Cushman vehicle when it left the manufacturer. Therefore, Cushman argues that the defective condition did not exist at the time the truck left its control, which is a prerequisite for a finding of liability under these two sections of the Louisiana Products Liability Act, LSA–R.S. 9:2800.55 and 9:2800.57. Further, the truck was not unreasonably dangerous in design under LSA–R.S. 9:2800.58 because the alternative design was actually what caused plaintiff's accident and would not have prevented it. In other words, the border on the decking actually prevented the decking

---

1. Because this accident occurred on an offshore platform on the Outer Continental Shelf off the coast of Louisiana, the substantive law of Louisiana applies. *Rodrigue v. Aetna Casualty & Surety Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969); *Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 105 S.Ct. 1421, 84 L.Ed.2d 406 (1984).

from being latched down. Therefore, Cushman contends, it is entitled to summary judgment.

Plaintiff attacks the Cushman affidavit and also attacks the factual premise of the affidavit that there was a border on the decking through his own affidavit. In his affidavit, plaintiff states that he mentioned to others that the "he seemed to remember seeing a bordering or framing" on the deck but "today ... cannot visualize in his mind such a border." (Affidavit of plaintiff attached to his memorandum in opposition, paragraph 4, R.Doc. 47.) Additionally, he is *"less than certain,* but thinks that perhaps ... that all around the underside of the decking, (sic) was a plywood border about the same thickness as the decking itself." *Id.,* paragraph 5 (emphasis in original).

### Background

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate provided the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Dicta in some Fifth Circuit cases to the effect that summary judgment is inappropriate in products liability cases has been explicitly rejected. *Little v. Liquid Air Corporation,* 37 F.3d 1069, 1075, n. 14 (5th Cir.1994) (*en banc* ).

Moreover, "[t]he Supreme Court has instructed us that the purpose of Rule 56 is to 'enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.' " *Id., quoting Lujan v. National Wildlife Federation,* 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990).

The non-movant cannot carry his burden of showing a genuine issue for trial through "metaphysical doubt," "conclusory allega-

tions," or "unsubstantiated assertions." *Little,* 37 F.3d at 1075. "We resolve controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.*

In the present case there is a genuine contradiction of fact, albeit qualified by the language of plaintiff's affidavit, as to whether or not the bordering existed on the plywood that struck him. The fact that the conflict arises between plaintiff's deposition and his own affidavit is of no moment, for the Fifth Circuit has instructed that a court must consider all evidence before it on a motion for summary judgment, "including affidavits that conflict with deposition testimony." *Dibidale v. American Bank & Trust Company,* 916 F.2d 300, 307 (5th Cir.1990). "A genuine issue of material fact may be raised by such an affidavit 'even if it conflicts with earlier testimony' in the party's deposition." *Id., quoting Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 893 (5th Cir.1980).

Here, a determination of summary judgment is dependent on judging plaintiff's credibility as to whether he did or did not see bordering on the plywood decking that struck him. However, "[c]redibility assessments are not fit grist for the summary judgment mill." *Dibidale,* 916 F.2d at 307–08. *Id.*

Therefore, although it appears that plaintiff's claims may hang by a slender reed, the Court finds that there is a genuine issue of material fact as to whether the bordering existed on the plywood that allegedly injured plaintiff. Such a genuine issue of material fact precludes the entry of summary judgment in defendant's favor.[2]

Accordingly,

IT IS ORDERED that the motion for summary judgment by Cushman, Inc., is DENIED.

**2.** Having found this genuine issue of material fact, the Court declines to address other alleged

genuine issues of material fact raised by plaintiff.